UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO: |
| | ) |
| CHARLES WHITMER, | ) |
| and | ) |
| FREIGHT LIME and SAND HAULING, INC., | ) |
| a corporation, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

**COUNT I**
(Negligence)

Aaron Edwards v. Charles Whitmer

Now comes the Plaintiff, Aaron Edwards, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Charles Whitmer, respectfully represents unto the Court as follows:

1. That the Plaintiff, Aaron Edwards, is a citizen of East St. Louis, in St. Clair County, in the State of Illinois.

2. That the Defendant, Charles Whitmer, is a citizen of Maceo, Kentucky.

3. That the amount in controversy exceeds the sum of value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on August 25, 2021, the Plaintiff was a passenger in a motor vehicle traveling Eastbound on Interstate 64, near Exit 9, in the city of Caseyville, the County of St. Clair and the State of Illinois.

7. That on August 25, 2021, the Defendant, Charles Whitmer, was operating a motor vehicle traveling Eastbound on Interstate 64, near Exit 9, in the city of Caseyville, the County of St. Clair and the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Charles Whitmer, struck the rear of vehicle in which Plaintiff was a passenger.

9. That at said time and place, the Defendant committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

   a. The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which Plaintiff was a passenger;

   b. The Defendant drove his vehicle in such a manner as to cause it to strike the rear of the vehicle in which Plaintiff was a passenger;

   c. The Defendant failed to properly apply the brakes of his vehicle;

   d. The Defendant operated his vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

   e. The Defendant followed the vehicle in which Plaintiff was a passenger more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Charles Whitmer, the Plaintiff was injured in one or more of the following ways:

    a. The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

    b. The Plaintiff received injuries to his neck;

    c. The Plaintiff received injuries to his back;

    d. The Plaintiff received injuries to his head;

    e. The Plaintiff received injuries to his shoulders;

    f. The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

    g. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

    h. The Plaintiff has suffered disability as a result of his injuries;

    i. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

    j. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Aaron Edwards, prays judgment against the Defendant, Charles Whitmer, for a fair and just award in excess of Seventy Five Thousand Dollars ($75,000.00) plus costs of this suit.

## COUNT II
(Negligence/Respondeat Superior)
Aaron Edwards v. Freight Lime and Sand Hauling, Inc., a corporation

Now comes the Plaintiff, Aaron Edwards, by and through his attorneys, Rich, Rich, Cooksey & Chappell, P.C., and for his cause of action against the Defendant, Freight Lime and Sand Hauling, Inc., a corporation, respectfully represents unto the Court as follows:

1. That the Plaintiff, Aaron Edwards, is a citizen of East St. Louis, in St. Clair County, in the State of Illinois.

2. That the Defendant, Freight Lime and Sand Hauling, Inc., a corporation, is a Wisconsin corporation with its principal place of business located in Wisconsin.

3. That the amount in controversy exceeds the sum of value of $75,000.00, exclusive of costs and interest.

4. That jurisdiction of this Court is proper under 28 U.S.C. §1332, diversity of citizenship.

5. That this action properly lies in this district pursuant to 28 U.S.C.A. § 1391, because the claim arose in this judicial district.

6. That on August 25, 2021, the Plaintiff was a passenger in a motor vehicle traveling Eastbound on Interstate 64, near Exit 9, in the city of Caseyville, the County of St. Clair and the State of Illinois.

7. That on August 25, 2021, the Defendant, by and through its agent and employee, Charles Whitmer, was operating a motor vehicle traveling Eastbound on Interstate 64, near Exit 9, in the city of Caseyville, the County of St. Clair and the State of Illinois.

8. That at said time and place, the vehicle operated by the Defendant, Freight Lime and Sand Hauling, Inc., a corporation, by and through its agent, Charles Whitmer, struck the rear of the vehicle in which Plaintiff was a passenger.

9.  That at said time and place, the Defendant, by and through its agent and employee, Charles Whitmer, committed one or more of the following acts of negligence and/or omissions which directly and proximately caused the collision to occur:

    a.  The Defendant failed to keep a proper lookout for other vehicles then and there rightfully upon said roadway and particularly the vehicle in which Plaintiff was a passenger;

    b.  The Defendant drove its vehicle in such a manner as to cause it to strike the rear of the vehicle in which Plaintiff was a passenger;

    c.  The Defendant failed to properly apply the brakes of its vehicle;

    d.  The Defendant operated its vehicle at an excessive rate of speed which was greater than was reasonable and proper having regard for the traffic then and there upon said highway and the condition of said highway, contrary to the provisions of 625 ILCS 5/11-601; and

    e.  The Defendant followed the vehicle in which Plaintiff was a passenger more closely than was reasonable and proper having regard for the speed of such vehicle and the traffic then and there upon said highway and the condition of the highway, contrary to the provisions of 625 ILCS 5/11-701(a).

10. That as a direct and proximate result of one or more of the foregoing acts of negligence and/or omissions of the Defendant, Freight Lime and Sand Hauling, Inc., a corporation, by and through its agent, Charles Whitmer, the Plaintiff was injured in one or more of the following ways:

    a.  The Plaintiff was made sick, sore, lame, disordered and disabled and suffered extensive injuries to his head, body, and limbs, both internally and externally;

    b.  The Plaintiff received injuries to his neck;

    c.  The Plaintiff received injuries to his back;

    d.  The Plaintiff received injuries to his head;

    e.  The Plaintiff received injuries to his shoulders;

    f.  The Plaintiff received injuries to the soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons and nerves;

g. The Plaintiff has expended money for necessary medical care, treatment and services and will be required to expend money for medical care, treatment and services in the future;

h. The Plaintiff has suffered disability as a result of his injuries;

i. The Plaintiff has experienced pain and suffering and will be reasonably certain to experience pain and suffering in the future as a result of the injuries; and

j. The Plaintiff has lost money from the loss of wages and will suffer an impairment of future earning capacity.

WHEREFORE, the Plaintiff, Aaron Edwards, prays judgment against the Defendant, Freight Lime and Sand Hauling, Inc., a corporation, for a fair and just award in excess of Seventy Five Thousand Dollars ($75,000.00) plus costs of this suit.

Respectfully submitted,

/s/ Thomas C. Rich
BY: RICH, RICH, COOKSEY & CHAPPELL, P.C.
Mr. Thomas C. Rich #06186229
Mrs. Kristina D. Cooksey #6299549
Mrs. Michelle M. Rich #6310004
Mr. Aaron J. Chappell #6311028
Ms. Caitlin Rich #6334176
Attorneys at Law
6 Executive Drive, Suite 3
Fairview Heights, IL 62208
618-632-0044 PHONE
618-632-9749 FAX
team@rrccfirm.com